**Harold Hoyt TUCKER, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 71–2367
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 2, 1971.

Harold Hoyt Tucker, pro se.

Crawford Martin, Atty. Gen. of Tex., Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

The district court denied habeas corpus relief to petitioner, a state prisoner. We affirm.

Petitioner was convicted in the state court in Wharton County, Texas after pleading guilty to burglary and theft. He now attacks his conviction on the grounds that his appointed counsel was ineffective and that his guilty plea was coerced by the district attorney. The basis for these assertions is petitioner's allegation that "public records" show that he was in jail in Grimes County, Texas at the time of the burglary. It follows therefore, he argues, that he surely would not have pled guilty to an offense when he had a perfect alibi if the plea had not been coerced and counsel ineffective.

The genesis of this petition for habeas corpus relief appears to have been the date reflected on petitioner's Grimes County guilty plea. The transcription of the plea was dated October 4, 1965 and shows that petitioner was not released on bond. The Wharton County burglary, the basis of the conviction now challenged, occurred on October 28, 1965. It appears, however, that the Grimes County court record was in error. The State has attached to its brief petitioner's Grimes County "prisoner's jail record" which shows he was not incarcerated until *November* 4, 1965. Pe-

* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

titioner has not responded to the State's brief, nor in any way sought to show that the "prisoner's jail record" is erroneous.

Petitioner has not alleged that he is innocent or that he was in fact in jail at the time of the burglary, only that "court records" or "public records" show he was in the Grimes County jail. We have now been presented with a conflicting record showing he was not in that jail at the time, and petitioner has not sought to refute it. Since petitioner has produced no evidence, other than his alibi contention, that his appointed counsel was ineffective or that his guilty plea was coerced, his petition must be denied.

Affirmed.